**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 95-30374**
**Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee**

**VERSUS**

**JERRY JOE TUBBLEVILLE,**

**Defendant-Appellant.**

Appeal from the United States District Court
For the Eastern District of Louisiana
(CR 89 269 H)
August 25, 1995

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

BACKGROUND

A jury found Jerry Joe Tubbleville guilty of conspiring to manufacture amphetamine, conspiring to distribute amphetamine within 1,000 feet of a school, several substantive offenses

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

involving the possession and distribution of amphetamine, endangering human life while manufacturing a controlled substance, and carrying and using firearms during the commission of a drug-trafficking offense. The district court sentenced Tubbleville to 272 months of imprisonment and six years of supervised release.

Tubbleville filed a direct appeal. This Court affirmed his conviction. He also filed a motion pursuant to 28 U.S.C. § 2255, which was denied by the district court. This Court dismissed his appeal of the denial for want of prosecution. Tubbleville then filed another § 2255 motion, which the district court dismissed as an abuse of the § 2255 procedure, pursuant to Rule 9 of the Rules Governing § 2255 cases. This Court affirmed that dismissal.

Tubbleville, proceeding pro se, filed a motion to modify an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). He argued, among other things, that Amendment 484 to the Guidelines, regarding determination of the quantity of drugs on which to base a sentence, excludes materials that must be separated from a controlled substance before the controlled substance can be used. Tubbleville asserted that his sentence should be reduced because it was based on a drug amount derived from the amount of unprocessed chemicals seized at the laboratory. The district court denied the motion, concluding that Amendment 484 was inapplicable because it amended commentary to U.S.S.G. § 2D1.1 and the quantity of drugs attributed to Tubbleville was determined using commentary to § 2D1.4.

OPINION

2

Tubbleville argues that the district court erred when it denied his § 3582(c)(2) motion, raising his district court argument that his sentence should be reduced pursuant to Amendment 484. Reduction pursuant to § 3582(c)(2) is discretionary, and this Court reviews a district court's refusal to lower a defendant's sentence for abuse of discretion. **United States v. Shaw**, 30 F.3d 26, 28 (5th Cir. 1994). However, this Court reviews a district court's factual findings made in a § 3582(c)(2) proceeding for clear error. **United States v. Mimms**, 43 F.3d 217, 220 (5th Cir. 1995).

When the Sentencing Commission lowers a sentencing range after a defendant has been sentenced, the district court may reduce the term of imprisonment on motion of the defendant or the Director of the Bureau of Prisons or sua sponte. 18 U.S.C. § 3582(c)(2). A § 3582(c)(2) motion applies only to guideline amendments that operate retroactively, as listed in the policy statement § 1B1.10(d). **United States v. Miller**, 903 F.2d 341, 349 (5th Cir. 1990). Amendment 484 is one of the listed amendments. Tubbleville relies on application note 1 of § 2D1.1, which was amended retroactively by Amendment 484. Effective November 1993, Amendment 484 changed application note 1 of § 2D1.1 to provide:

> Mixture or substance does not include materials that must be separated from the controlled substance before the controlled substance can be used. Examples of such materials include the fiberglass in a cocaine/fiberglass bonded suitcase, beeswax in a cocaine/beeswax statue, and waste water from an illicit laboratory used to manufacture a controlled substance. If such material cannot readily be separated from the mixture or substance that appropriately is counted in the Drug Quantity Table, the court may use any

3

> reasonable method to approximate the weight of
> the mixture or substance to be counted.

Amendment 484, U.S.S.G. App. C; see **United States v. Towe**, 26 F.3d 614, 616-17 (5th Cir. 1994). Chemicals seized before the end of processing are likewise excluded from consideration at sentencing. Amendment 484.

The sentencing court adopted the Presentence Report (PSR). The PSR indicated that 1.9 kilograms of amphetamine were seized at the lab site and that, based on the amount of precursor chemicals seized, the lab could have produced another 23.64 kilograms of amphetamine. These amounts were combined, and a total of 25.5 kilograms of amphetamine was reached. That amount was doubled pursuant to § 2D1.3(a)(2)(B), for nearness to a school, to calculate Tubbleville's base offense level.

Tubbleville was sentenced on April 4, 1990. Commentary to the 1989 version of § 2D1.4, applicable when Tubbleville was sentenced (see **United States v. McCaskey**, 9 F.3d 368, 372 (5th Cir. 1993), cert. denied, 114 S. Ct. 1565 (1994)), provided that, when the amount of drugs seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance. § 2D1.4 comment. (n.2). In making this determination, the court may consider the size or capability of any laboratory involved. **Id**.

Section 2D1.4 was deleted and consolidated with the guidelines applicable to the underlying substantive offenses. Application Note 2 to former § 2D1.4 is identical to a portion of Application

4

Note 12 of current § 2D1.1, the guideline applicable to the underlying substantive offense of manufacture of methamphetamine.

As noted above, the sentencing court concluded that Amendment 484 was inapplicable because it amended commentary to § 2D1.1 and the quantity of drugs attributed to Tubbleville was determined using commentary to § 2D1.4.

Although former § 2D1.4 was not mentioned, this Court held in **United States v. Taylor**, No. 94-40438 (5th Cir. Sept. 16, 1994) (unpublished), that Amendment 484 was inapplicable to Taylor's sentence because his sentence was not based on a "mixture or substance" containing waste products or unusable chemicals, which Amendment 484 proscribes. Instead, Taylor's sentence was based on an approximated amount of precursor chemicals (per § 2D1.1 comment. (n.12)) which contained no amount of a controlled substance. Given this Court's holding in **Taylor**, the district court did not abuse its discretion when it denied Tubbleville's § 3582(c)(2) motion.

**AFFIRMED**.